IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| DAVID MARTIN, | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | *   No. 3:16-cv-00008-JJV |
| CAROLYN W. COLVIN, Acting Commissioner, Social Security Administration, | * |
| | * |
| | * |
| | * |
| Defendant. | |

**MEMORANDUM AND ORDER**

Plaintiff, David Martin, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits and supplemental security income. This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether the Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The disputed issue in this case is whether Plaintiff is disabled within the meaning of the Social Security Act. Plaintiff bears the burden of establishing a physical or mental impairment that

has lasted twelve months or more and has prevented him from engaging in any substantial gainful activity. 42 U.S.C. § 423 (d)(1)(A); 42 U.S.C. § 1382c(3)(A)(B).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary.

After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

In support of his Complaint, Plaintiff argues that the ALJ erred in not finding he met listings 1.02 and 1.04 in 20 C.F.R. § 404(P), App. 1. (Pl.'s Br. 6-9) To meet or equal a listing, Plaintiff must prove he met all of the specific medical criteria. *Marciniak v. Shalala*, 49 F.3d 1350, 1353 (8th Cir. 1995). The ALJ's opinion does not specifically address listings 1.02 (major dysfunction of a joint). (Tr. 20) He did, however, state that Plaintiff's back disorder amounted to a "severe" impairment (Tr. 19) but none of his impairments met or equaled a listing. (Tr. 20)

Listing 1.02 requires proof of inability to ambulate effectively. 20 C.F.R. § 404(P), App. 1, § 1.02. The record shows no proof of inability to ambulate effectively. With regard to Listing 1.04, Plaintiff's numerous diagnostic tests do reveal irregularity with his back. (Tr. 422, 424-25, 428, 432, 442, 444-5, 585-87, 593-94, 602-3) But Plaintiff fails to show any damage to or compromise of a nerve root or additional limitations as is required.[1] 20 C.F.R. § 404(P), App. 1, § 1.04.

---

[1] Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine); or spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every 2 hours; or lumbar spinal stenosis resulting in pseudoclaudication, established by findings on appropriate medically acceptable imaging, manifested by chronic

Although Mr. Martin disagrees, (Pl.'s Br. 13-17), I also find that the ALJ's credibility assessment was proper. The ALJ considered Plaintiff's subjective complaints in light of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Tr. 21-26)

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
> 2. the duration, frequency and intensity of the pain;
> 3. precipitating and aggravating factors;
> 4. dosage, effectiveness and side effects of medication;
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Polaski v. Heckler*, 739 F.2d at 1322 (emphasis in original).

Although Plaintiff unquestionably suffers from some degree of pain and limitation, the records fail to show a medical condition that is completely disabling. Mr. Martin's physicians have never placed any significant restrictions on him, contradicting his allegations of disabling impairments. *Robinson v. Sullivan*, 956 F.2d 836, 840 (8th Cir. 1992). The inconsistencies between the medical evidence and Plaintiff's subjective complaints gave reason to discount those complaints. *Casey v. Astrue*, 503 F.3d 687, 695 (8th Cir. 2007); *Richmond v. Shalala*, 23 F.3d 1141, 1443 (8th Cir. 1994).

The numerous diagnostic tests indeed show his back impairment limits his physical abilities.

---

nonradicular pain and weakness, and resulting in inability to ambulate effectively, as defined in 1.00B2b.

Yet, the ALJ accounted for this impairment when he assessed he was limited to a reduced range of sedentary work. (Tr. 21)

The ALJ's credibility analysis was proper. He followed the law and regulations, made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints. *E.g., Finch v. Astrue*, 547 F.3d 933, 935-36 (8th Cir. 2008); *Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996); *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995). His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence. *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

I am sympathetic to Mr. Martin's claims and find this case to be a close call. But a Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and he has not met this burden. The critical inquiry is whether Plaintiff has presented sufficient evidence to support his claim of disability. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Plaintiff has advanced other arguments that I find are without merit. It is not the task of the court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g.,*

4

*Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992). The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS, THEREFORE, ORDERED that the final determination of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED this 22nd day of June, 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE